NOT DESIGNATED FOR PUBLICATION

No. 113,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORENZO HESTER,
*Appellant.*


MEMORANDUM OPINION


Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 8, 2016. Affirmed.


*Sam S. Kepfield*, of Hutchinson, for appellant.


*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.


*Per Curiam*: Lorenzo Hester received probation following his conviction for possession of cocaine and marijuana. After having had his probation revoked and reinstated twice for violating the conditions of probation, Hester again violated his probation when he absconded from supervision and committed two new crimes. This time, the judge revoked Hester's probation and ordered him to serve his original underlying prison sentence of 40 months.

Hester has appealed to our court; he argues that the district court should have given him another chance in light of his substance-abuse and mental-health problems. But it's within the district court's discretion whether to revoke probation once a violation has been established. On the facts of this case, we find no abuse of discretion in revoking Hester's probation.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, Hester pled no contest to possession of cocaine and marijuana. In March 2013, based on sentencing guidelines and Hester's criminal-history score, the district court sentenced Hester to 40 months in prison but granted a dispositional departure, placing Hester on probation for 18 months with required substance-abuse treatment.

In April 2013, the State filed a motion to revoke Hester's probation, alleging he had violated his probation when he was unsuccessful in his drug-treatment program and tested positive for cocaine and marijuana. After an evidentiary hearing, the district court revoked Hester's probation, sentenced him to 60 days in jail as a sanction, and then reinstated his probation for another 18 months. Hester appealed the revocation to this court, which affirmed the district court's decision in August 2014. See *State v. Hester*, No. 110,453, 2014 WL 4231254 (Kan. App. 2014) (unpublished opinion).

Hester again violated his probation in October 2013 when he was unsuccessful in drug treatment, absconded from supervision, and used marijuana. In March 2014, the district court revoked and reinstated Hester's probation for another 18 months.

Hester absconded from supervision again in January 2015, and this time he was also charged with two new crimes (obstruction and burglary) in Oklahoma. At his

2

probation-revocation hearing in February 2015, Hester admitted to the violations. The district court revoked his probation and imposed the underlying 40-month sentence.

ANALYSIS

On appeal, Hester argues that the district court abused its discretion when it revoked his probation and that the district court should have considered mitigating factors in its revocation decision.

The legal rules applicable to this question are straightforward. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Once a violation has been established, the decision to revoke probation has traditionally been within the discretion of the district court. 286 Kan. at 227-28; see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Unless the district court has made a legal or factual error, this court may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

The district court's discretion was limited by a 2013 statutory change. The new statute, found now at K.S.A. 2015 Supp. 22-3716(b) and (c), requires, with certain exceptions, that the district court impose some short-term punishment before ordering the defendant to serve the underlying sentence. See *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶¶ 3-4, 348 P.3d 997, *rev. denied* 302 Kan. ___ (August 12, 2015). In our case, of course, this wasn't Hester's first probation violation. But even if it were, when a defendant commits a new felony or absconds from supervision while on probation, the district court has complete discretion to revoke probation without imposing those intermediate sanctions. K.S.A. 2015 Supp. 22-3716(c)(8); see *State v. Brown*, 51 Kan. App. 2d 876,

3

880, 357 P.3d 296 (2015), *rev. denied* 303 Kan. ___ (March 28, 2016); *State v. Croslin*, No. 113,695, 2016 WL 758661, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* March 23, 2016.

Here, Hester does not argue that he was entitled to intermediate sanctions, so he has waived that argument. *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007) (noting that an issue not briefed is deemed waived). Nor could he make such an argument—he admitted that he had absconded, and the district court revoked his probation based both on new criminal charges and on absconding. See K.S.A. 2015 Supp. 22-3716(c)(8). The district court therefore had complete discretion to revoke Hester's probation based on Hester's admissions that he violated his probation, and we find nothing unreasonable about that decision.

Hester argues that the district court should have considered the same mitigating factors that courts use to consider imposing a lower sentence than the standard for a particular crime. But Hester cites to no legal authority that would *require* the district court to explicitly consider these mitigating factors. And in his case, the district court did hear some evidence of mitigating factors—Hester testified that he had absconded because he had been threatened due to his role as a witness in an upcoming trial, that he needed substance-abuse treatment, that he had passed all his recent drug tests, and that he wasn't well educated. It was within the district court's discretion to find that these factors weren't persuasive when Hester had a criminal-history score of A—the most serious—and had already violated his probation twice.

In sum, Hester was first placed on probation in March 2013. He was placed back on probation twice after violating his probation conditions. Hester then absconded from supervision and was charged with two new crimes in another state. On this third occasion, he admitted that he had violated his probation both by absconding and by being charged with new crimes, and the district court revoked his probation and imposed the

4

underlying sentence. Under these circumstances, the district court did not abuse its discretion in doing so.

We therefore affirm the district court's judgment.